IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY  )
COMMISSION,                    )   HONORABLE 00-74345
                               )
        Plaintiff,              )   PATRICK J. DUGGAN
                               )   CASE NO.
v.                             )   MAGISTRATE JUDGE CARLSON
                               )
GENERAL MOTORS CORPORATION;    )   COMPLAINT
INTERNATIONAL UNION, UNITED    )
AUTOMOBILE, AEROSPACE AND      )
AGRICULTURAL IMPLEMENT WORKERS )
OF AMERICA ("UAW") LOCAL 909,  )
                               )
        Defendants.             )
_____)

## NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to make whole Gerald P. Quinn, Jr.("Quinn").

The Equal Employment Opportunity Commission alleges that General Motors Corporation, and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") Local 909, the Defendants, refused to reasonably accommodate Quinn, a qualified individual with a disability, as an assembly worker at its Warren Powertrain Plant because of his disability. In addition, the Plaintiff alleges that General Motors Corporation subjected Quinn to disparate treatment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans With

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. Section 1981(A).

2. The employment practices hereafter alleged to be unlawful were and are now being committed in the Eastern District of Michigan, Southern Division.

## PARTIES

3. The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C § 12117(a), which incorporates by reference Sections 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant General Motors Corporation ("the Employer"), and the UAW ("Union") have been doing business in the State of Michigan and the City of Detroit, and has continuously had and does now have at least fifteen (15) employees/members.

5. At all relevant times the Defendant Employer and Union have continuously been engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 107(7) of the ADA, 42 U.S.C. § 12117(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, the Defendant Employer and Union have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Quinn filed a charge with the Commission alleging violations of Title I of the ADA by the Defendant Employer and Union. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least March 1996, the Defendant Employer and Union have engaged in unlawful employment practices in violation of the ADA, Sections 102(a), 102(b)(1), and 102(b)(5)(B), 42 U.S.C. §§ 12112(a), 12112(b)(1), and 12112(b)(5)(B), at its Warren Powertrain Plant. These practices include, but are not limited to the Defendant Employer's and Union's failure to reasonably accommodate Quinn as an assembly worker because of his disability. Quinn is a qualified individual with a disability who was and is able to perform the essential functions of his position with or without a reasonable accommodation.

9. The Defendant Employer also subjected Quinn to disparate treatment on the basis of his disability.

10. The effect of the above-mentioned, unlawful employment practices has been to deprive Quinn of equal employment opportunities because of his disability.

11. The above-mentioned, unlawful employment practices were and are intentional.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining the Defendant Employer and Union, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any unlawful employment practice which discriminates on the basis of disability;

B. Order the Defendant Employer and Union to institute and carry out policies, practices,

and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices;

C. Order the Defendant Employer to make whole Quinn by providing him with appropriate lost earnings and benefits, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, permanent assignment of Quinn to a first shift position with all benefits and pay level equal to that which he would have attained had he been assigned to the first shift in March 1996;

D. Grant the Commission its costs in this action; and

E. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

C. GREGORY STEWART
General Counsel

GWENDOLYN YOUNG REAMS
Assistant General Counsel

9/25/00
DATE

ADELE RAPPORT
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Detroit District Office
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-4645